**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roberto MARTINEZ–NIETO,**
**Defendant–Appellant.**

**No. 09–10213.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2012.[*]

Filed June 15, 2012.

Christina Marie Cabanillas, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Matthew Harrison Green, Esquire, Tucson, AZ, for Defendant–Appellant.

Before: HUG, RAWLINSON, and IKUTA, Circuit Judges.

## MEMORANDUM **

Roberto Martinez–Nieto appeals his conviction and 46–month sentence for illegal reentry in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Although the magistrate judge did not fully comply with Rule 11 of the Federal Rules of Criminal Procedure, this does not constitute plain error because Martinez fails to show a reasonable probability that, but for the errors, he would not have entered his guilty plea. *See United States v. Dominguez Benitez,* 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

The district court did not err by applying a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for Martinez's prior conviction of forcible lewd acts upon a child under 14 years old in violation of California Penal Code § 288(b). Because a violation of California Penal Code § 288(a) categorically constitutes "sexual abuse of a minor" and is a "crime of violence" under the Sentencing Guidelines, *United States v. Medina–Villa,* 567 F.3d 507, 516 (9th Cir.2009), and because California Penal Code § 288(a) "is a lesser or necessarily included offense of [§ 288(b) ]," *see People v. Ward,* 188 Cal.App.3d 459,

233 Cal.Rptr. 477, 485 (1986), Martinez's conviction under § 288(b), like convictions under § 288(a), categorically constitutes a "crime of violence" for sentencing enhancement purposes.

Martinez's argument that the district court erred when it denied Martinez's request for a downward departure fails because, reviewing only for reasonableness, *see United States v. Mohamed,* 459 F.3d 979, 986–87 (9th Cir.2006), the record reflects that Martinez's mid-Guidelines sentence was reasonable in light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).